Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
25A Crescent Dr. #402,
Pleasant Hill, CA 94523
T:(415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff,*
*Obioma Hope Okoro*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIOMA HOPE OKORO,<br><br>  Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and AFFIRM, INC.,<br><br>  Defendants. | Case No.: 3:25-cv-03203-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED]ORDER** |

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.     Jurisdiction and Service**: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant Affirm, Inc. ("Affirm") resides in this District. There are no Parties pending service.

Experian: Plaintiff's claims are subject to an agreement to arbitrate by virtue of Plaintiff's credit monitoring membership with Experian. Therefore, Experian reserves the right to file a motion to compel arbitration.

Affirm: As detailed below, Plaintiff's Affirm accounts and loans are governed by written agreement(s) that include an arbitration provision requiring that the claims alleged be arbitrated on an individual basis (the "Arbitration Agreement"). Affirm expressly reserves its right to elect to arbitrate pursuant to the Arbitration Agreement all claims asserted by Plaintiff. If Plaintiff will not stipulate, Affirm intends to file a motion to compel arbitration. The records confirm that Plaintiff obtained the loans and agreed to be bound by the terms and conditions governing the loans. As such, the appropriate jurisdiction to resolve the claims against Affirm is in arbitration before the American Arbitration Association pursuant to the terms of the governing Arbitration Agreement.

    **2.**     <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

<u>Plaintiff</u>: This action arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785 et. seq. by Defendants Experian Information Solutions, Inc. ("Experian"), and Affirm, Inc. ("Affirm") (all Defendants collectively, "Defendants"). Plaintiff, a victim of identity theft, contends that the Defendants violated 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14 by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports, and 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16(b) in failing to reasonably investigate Plaintiff's disputes. Additionally, as a direct result of Defendants' violations of the Fair Credit Reporting Act and the Consumer Credit Reporting Agencies Act, Plaintiff suffered economic harm and emotional distress, and is entitled to damages.

Experian: Experian denies Plaintiff's claims. This is a credit reporting case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error-free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers and to conduct a reasonable reinvestigation upon receipt of a dispute from a consumer.

In the instant case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit reports. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently. Therefore, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

Affirm: Affirm, Inc. ("Affirm") operates an online platform that facilitates the making of loans to consumers in connection with purchases at the point of sale through merchants who partner with Affirm. In order to utilize Affirm's online platform, a consumer must create an account. Affirm's records reflect that on August 23, 2018, and on October 5, 2023, respectively, Plaintiff used Affirm's online platform and created Affirm accounts (the "Accounts"). Affirm's records reflect that after opening the Accounts, Plaintiff applied for and obtained at least nine (9) separate loans, as follows: (i) a loan ending in YBG1 for a purchase from a merchant, Apple, obtained on August 20, 2023 (the "YBG1

Loan"); (ii) a loan ending in RRNH for a purchase from a merchant, Apple, obtained on August 20, 2023 (the "RRNH Loan"); (iii) a loan ending in P5SD for a purchase from a merchant, Amazon, obtained on October 5, 2023 (the "P5SD Loan"); (iv) a loan ending in PKCO for a purchase from a merchant, Amazon, obtained on October 6, 2023 (the "PKCO Loan"); (v) a loan ending in UA2D for a purchase from a merchant, Viator Tripadvisor, obtained on October 20, 2023 (the "UA2D Loan"); (vi) a loan ending in MB36 for a purchase from a merchant, Spirit Airlines, obtained on October 29, 2023 (the "MB36 Loan"); (vii) a loan ending in BJBD for purchases on a Virtual Card, obtained on November 4, 2023 (the "BJBD Loan"); (viii) a loan ending in OLMH for purchases on a Virtual Card, obtained on November 8, 2023 (the "OLMH Loan"); and (ix) a loan ending in 6VTW for purchases on a Virtual Card, obtained on November 15, 2023 (the "6VTW Loan"). Collectively, the foregoing loans are hereafter referred to as the "Loans."

The Accounts and the Loans are governed by written agreement(s) that include the Arbitration Agreement.  Affirm expressly reserves its right to elect to arbitrate pursuant to the Arbitration Agreement all claims asserted by Plaintiff.  If Plaintiff will not stipulate, Affirm intends to file a motion to compel arbitration. The records confirm that Plaintiff obtained the Loans and agreed to be bound by the terms and conditions governing the Loans.

Affirm denies any wrongdoing. Affirm did not violate the Fair Credit Reporting Act ("FRCA") or the Consumer Credit Reporting Agencies Act ("CCRAA"). Notwithstanding that the claims against Affirm must be arbitrated, Affirm's records reflect that Plaintiff repeatedly communicated with Affirm regarding various issues with her Loans between November 8, 2023 to March 23, 2024, but Plaintiff did not inform Affirm that any Loans

were purportedly unauthorized until April 2, 2024. Upon receiving Plaintiff's disputes related to her account, Affirm conducted a reasonable investigation and denied Plaintiff's disputes. Affirm denies that Plaintiff has suffered any actual harm as a result of any action or inaction by Affirm, or that Plaintiff is entitled to any relief whatsoever from Affirm.

      **3.**      **Legal Issues**: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

Plaintiff:

a. Whether Plaintiff's consumer reports prepared by Experian were misleading and/or inaccurate;

b. Whether the Experian negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the furnished information;

c. Whether the Experian negligently and/or willfully violated Cal. Civ. Code § 1785.16 of the CCRAA by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation, maintenance, and dissemination of Plaintiff's consumer reports.

d. Whether Plaintiff's consumer reports were inaccurate;

e. Whether Defendants followed reasonable procedures to ensure the maximum possible accuracy of the information in Plaintiff's consumer reports;

f. Whether Defendants' conduct was a direct and proximate cause of Plaintiff's damages;

g. Whether Defendants are liable to Plaintiff for statutory and actual damages in amounts to be determined at trial pursuant to 15 U.S.C. §§1681n, 1681o;

h. Whether Defendants are liable for Plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. §§1681n, 1681o; and

i. Whether Plaintiff entitled to statutory, actual, and/or punitive damages.

Experian: Experian believes that the key legal issues with respect to the claims regarding Experian are: (1) whether Plaintiff can establish an inaccuracy in reporting; (2) whether Plaintiff can establish any damages, and if so, that they are attributable to Experian; (3) whether Plaintiff can establish that Experian acted willfully; (4) whether any damages suffered by Plaintiff were caused in whole or in party by a third party, an intervening or superseding cause, and/or the actions of Plaintiff himself, and (5) whether Plaintiff failed to mitigate her damages.

Additionally, Plaintiff's claims are subject to an agreement to arbitrate by virtue of Plaintiff's credit monitoring membership with Experian. Therefore, Experian reserves the right to file a motion to compel arbitration.

Affirm: As set forth above, Plaintiff's claims must be arbitrated pursuant to the terms of the parties' Arbitration Agreement. If Plaintiff will not stipulate to arbitration, Affirm anticipates filing a motion to compel arbitration. The key threshold legal issues to be decided are: (1) is there an enforceable agreement to arbitrate between the parties (there is), and (2) do Plaintiff's claims fall within the broad scope of the parties' Arbitration Agreement (they do).

Assuming the case proceeds in this forum following resolution of Affirm's motion to compel arbitration and any associated appeals, other legal issues to be decided include whether Affirm's investigation of Plaintiff's disputes was reasonable and whether Plaintiff can prove injury and damages.

**4.     Motions**: All prior and pending motions, their current status, and any anticipated motions.

There are no prior motions or pending motions at this time.

Plaintiff: Plaintiff does not currently anticipate the need to file any motions but reserves the right to do so should the need arise.

Experian: Experian is unaware of any pending motions before the court. Plaintiff's claims are subject to an agreement to arbitrate by virtue of Plaintiff's credit monitoring membership with Experian. Therefore, Experian reserves the right to file a motion to compel arbitration. Experian may also file any trial motions. Experian does not anticipate filing any motions to amend its pleadings or motions to add new parties.

Affirm: Affirm explicitly reserves the right to file a motion to compel arbitration should Plaintiff fail to stipulate to arbitrate.

**5.     Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

The Parties' proposed deadline for amending the pleadings is **October 14, 2025**. The parties do not anticipate but reserve the right to amend pleadings based on discovery.

**6.     Evidence Preservation**: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

Counsel certifies the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirms that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f). The parties agree that discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any

dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or

disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

      **7.** **Disclosures**: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

The Parties will exchange their Rule 26(a)(1) disclosures fourteen (14) days following the Rule 26(f) Conference. The deadline for the exchange of the 26(a)(1) disclosures is **July 28, 2025**.

      **8.** **Discovery**: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

The Parties anticipate initiating discovery after the Rule 26(f) conference. The Parties agree the Federal Rules of Civil Procedure will govern discovery and request no modifications of the discovery rules.

Experian: Plaintiff's claims are subject to an agreement to arbitrate by virtue of Plaintiff's credit monitoring membership with Experian. Therefore, Experian reserves the right to file a motion to compel arbitration.

Affirm: If discovery proceeds in this forum following resolution of Affirm's motion to compel arbitration and any associated appeals, Affirm anticipates seeking discovery pertaining to: (i) documents in Plaintiff's possession relating to her allegations against Affirm; and (ii) Plaintiff's supposed damages. Affirm contends that discovery in this forum is premature pending resolution of Affirm's motion to compel arbitration. Per the parties' Arbitration Agreement, the proper forum for resolution of any disputes pertaining to Plaintiff's accounts and loans is before the American Arbitration Association.

      **9.**    **Class Actions**: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

This action is not a class action lawsuit.

      **10.**    **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

      **11.**    **Relief**: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Plaintiff: Plaintiff is entitled to actual, statutory, punitive damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o. Plaintiff is also entitled to actual, statutory, punitive damages, costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §§ 1785.31(a)(1) and/or 1785.31(a)(2).

Experian: Plaintiff has not yet produced any evidence of damages. As a result, Experian is unable to estimate Plaintiff's range of provable damages. Experian also denies that it was the proximate cause of Plaintiff's alleged damages. Experian does not allege any damages at this time but reserves the right to do so.

Affirm: Affirm denies that Plaintiff is entitled to any relief whatsoever in this action. Affirm does not allege any damages at this time but reserves all rights, including to seek to recover the outstanding balance owed on the account.

**12.    Settlement and ADR**: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

a. Prospects of Settlement: The parties intend to initiate settlement negotiations but have not been able to reach an amicable settlement to date. However, the parties remain hopeful that they can resolve the matter amicably.

b. Experian: Experian is prepared to discuss reasonable settlement negotiations through informal discussions with plaintiff's counsel as well as panel mediation and remains hopeful such an agreement can be reached.

c. Affirm: Affirm is prepared to discuss a reasonable settlement. Affirm contends the claims are subject to arbitration and intends to file a motion to compel arbitration. To the extent the motion is denied and following any appeal, Affirm requests ADR Option 3-4(a)(2), i.e., mediation before a neutral from the Court's Mediation Panel, with a cutoff to complete the mediation of 45 days prior to the discovery cutoff date.

d. The Parties agree there should be no changes or deviation from the applicable Federal Rules of Civil Procedure or Local Rules of this Court.

**13.** **Other References**: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Plaintiff: The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Experian: Plaintiff's claims are subject to an agreement to arbitrate by virtue of Plaintiff's credit monitoring membership with Experian. Therefore, Experian reserves the right to file a motion to compel arbitration.

**14.** **Narrowing of Issues**: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

The Parties have not agreed on any stipulated summaries of facts or narrowing of issues.

**15.** **Scheduling**: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| Fact Discovery: | **March 13, 2026 (8 months)** |
| Initial Expert Disclosures: | **April 13, 2026** |
| Rebuttal Expert Reports: | **April 27, 2026.** |
| Expert Discovery Cutoff: | **May 27, 2026.** |
| Filing of Dispositive Motions: | **June 26, 2026.** |
| Pretrial Conference: | **August 26, 2026.** |
| Trial: | **September 25, 2026.** |

Affirm: Affirm contends the claims are subject to arbitration and intends to file a motion to compel arbitration. To the extent the motion is denied and following any appeal, Affirm is amenable to the foregoing proposed schedule.

16. **Trial**: Whether the case will be tried to a jury or to the court and the expected length of the trial.

Plaintiff: The case will be tried to a jury and the expected length of the trial is 5-7 days.

Experian: Plaintiff's claims are subject to an agreement to arbitrate by virtue of Plaintiff's credit monitoring membership with Experian. Therefore, Experian reserves the right to file a motion to compel arbitration. In the event this matter proceeds in this forum, Experian believes this case can be tried in four days.

Affirm: Affirm contends the claims are subject to arbitration and intends to file a motion to compel arbitration. To the extent the motion is denied and following any appeal, Affirm agrees that one to two court days should be sufficient for each side to present its case-in-chief.

17. **Disclosure of Non-party Interested Entities or Persons**: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

All parties have filed their "Certificate of Interested Entities or Persons."

18. **Professional Conduct**: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.** Such other matters as may facilitate the just, speedy and inexpensive disposition of this Matter.

Protective Order: The Parties anticipate filing an agreed Protective Order on or before **July 31, 2025.**

Electronic Service:

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Obioma Hope Okoro | Andrew J. Gramajo (Andrew@Ajglawgroup.us) <br> Jonathan Krikheli (ykrikheli@consumerattorneys.com) <br> Max Lukjanski (mlukjanski@consumerattorneys.com) <br> Irina Iakovleva (iiakovleva@consumerattorneys.com) |
| Defendant Experian Information Solutions, Inc. | Matthew W. Rodriguez (mattrodriguez@jonesday.com) |
| Defendant Affirm, Inc. | Arjun P. Rao (arjun.rao@morganlewis.com) <br> Marcos D. Sasso (marcos.sasso@morganlewis.com) <br> Madison Marshall (madison.marshall@morganlewis.com) |

Dated: July 24, 2025

| | |
|---|---|
| */s/ Andrew J. Gramajo* | */s/ Matthew W. Rodriguez* |
| Andrew J. Gramajo, CA # 338144 | Matthew W. Rodriguez, Bar No. 357750 |
| AJG LAW GROUP, PC. | mattrodriguez@jonesday.com |
| 25A Crescent Dr. #402 | JONES DAY |
| Pleasant Hill, CA 94523 | 3161 Michelson Drive, Suite 800 |
| T:(415) 638-9140 | Irvine, California 92612.4408 |
| E: Andrew@Ajglawgroup.us | Telephone: +1.949.851.3939 |
| | Facsimile: +1.949.553.7539 |
| *Attorneys for Plaintiff,* | |
| *Obioma Hope Okoro* | *Attorneys for Defendant* |
| | *Experian Information Solutions, Inc.* |

*/s/ Marcos D. Sasso*
MORGAN, LEWIS & BOCKIUS LLP
Arjun P. Rao, Bar No. 265347
arjun.rao@morganlewis.com
Marcos D. Sasso, Bar No. 228905
marcos.sasso@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Tel: +1.310.907.1000
Fax: +1.310.907.1001
*Attorneys for Defendant Affirm, Inc.*

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-1, I hereby attest that I have concurrence in the filing of the document from each of the other Signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated: July 24, 2025

*/s/ Andrew J. Gramajo*
Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
25A Crescent Dr. #402
Pleasant Hill, CA 94523
T:(415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff,*
*Obioma Hope Okoro*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
HONORABLE ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE